TIMOTHY COURCHAINE
United States Attorney
District of Arizona

JACQUELINE SCHESNOL
Arizona State Bar No. 016742
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: jacqueline.schesnol@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR 23-01809-001-PHX-DGC |
|---|---|
| Plaintiff, | |
| vs. | **UNITED STATES' SENTENCING MEMORANDUM** |
| Kevin James Lewis, | |
| Defendant. | |

Defendant Kevin James Lewis ("Defendant" or "Kevin Lewis") pleaded guilty to Count 39, Material False Statements During the Purchase of a Firearm, and Aid and Abet. The United States recommends Defendant Kevin Lewis be sentenced a custodial sentence below the United States Sentencing Guidelines ("Guidelines") and below the statutory maximum of 120 months, as recommended in the Final Presentence Report ("PSR"). The United States further recommends that Defendant receive a term of three-years' supervised release.

The United States has no legal objections or factual corrections to the PSR. (ECF 115.) The United States agrees with the PSR calculations resulting in a Total Offense Level of 29 and Criminal History Category IV. PSR at ¶¶ 39, 48, and 91. This results in a Guidelines range of 121-151 months' imprisonment. The statutory maximum term of imprisonment is 10 years' incarceration. A recommendation of a custodial sentence below the Guidelines is supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    FACTS AND PROCEDURAL HISTORY**

A grand jury indicted Defendant Kevin Lewis on December 20, 2023.  (Doc. 1.) Defendant Kevin Lewis entered a guilty plea on October 29, 2024. (Doc. 81.) Kevin Lewis pleaded guilty to Count 39 of the Indictment, Material False Statements During the Purchase of a Firearm and Aid and Abet, in violation of 18 United States Code §§ 922(a)(6), 924(a)(2), and 2.

The facts giving rise to Kevin Lewis's crime are detailed in the plea agreement and further detailed in the PSR, including the fact he induced his three co-defendants to purchase over 70 firearms on his behalf.  Approximately 25 firearms have been recovered,[1] mostly in California.

In addition to the facts in the plea agreement, it is important to consider these facts as well:  Defendant Kevin Lewis is a convicted felon.  Lewis used money transfers, CashApp,[2] Green Dot,[3] and cash withdrawals to transfer money to co-defendants, which enabled them to purchase firearms for Defendant Kevin Lewis.  It appears that the source of the funds came from unknown individuals to Defendant Kevin Lewis, and the firearms were obtained for those individuals.

**II.    UNITED STATES'S SENTENCING RECOMMENDATION**

Based on the analysis below, the United States recommends that Defendant Kevin Lewis receive a custodial sentence below the Guideline range, in the Bureau of Prisons ("BOP") followed by a term of three-years' supervised release.  As calculated in the PSR, Defendant Kevin Lewis has a Total Offense Level of 29, Criminal History Category IV,

---

[1] The precise number fluctuates as firearms continue to be recovered.

[2] Cash App is a financial platform. Users can send/receive money they have in their Cash App account. Cash App offers a free Visa debit card linked to the user's Cash App balance. Cash App does provide banking services (even though they are not a bank) through its bank partners.

[3] Green Dot is a prepaid debit card company.  It is also a payment platform company and is the technology platform used by Apple Cash, Uber, and Intuit.

and a Guidelines range of 121–151 months' imprisonment.  The United States will dismiss the remaining counts of the Indictment at the time of sentencing.

### A.     A Custodial Sentence in BOP is Appropriate under § 3553(a)

The Sentencing Guidelines range is the "starting point and the initial benchmark" for all sentencing proceedings and should be "kept in mind throughout the process." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc) (citations omitted).  The Sentencing Guidelines range is not presumed to be reasonable, but instead is only one of the § 3553(a) factors to be considered by the Court.  *Id*. (citations omitted).  When a court determines that a sentence outside of the Guidelines range is warranted, it must "consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id*. (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)).   As such, "a major departure should be supported by a more significant justification than a minor one." *Id*. at 992 (quoting *Gall*, 552 U.S. at 50).

In the present case, based on the reasons set forth herein, the United States submits that a prison sentence below the Guidelines for Defendant Kevin Lewis is a fair and just sentence, which is sufficient but not greater than necessary as required by 18 U.S.C. § 3553(a).

### 1.     Nature and Circumstances of the Offense

The Court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a)(1).  The nature and circumstances of Defendant Kevin Lewis offense call for a prison sentence.  Kevin Lewis engaged in criminal activity, which resulted in over 70 firearms being purchased on his behalf.  Many of the firearms were recovered out of state.  It appears the criminal activity ended in late 2021, possibly when law enforcement made contact with a co-defendant.  (PSR ⁋ 14.)  The nature and circumstances of Defendant Kevin Lewis' actions justify a prison sentence.

### 2.    Defendant's History and Characteristics

Defendant Kevin Lewis appears has a lengthy criminal history dating back over 20 years, including some violent and serious crimes.  Defendant Kevin Lewis' was difficult and tragic.  (PSR ¶¶ 66-71.)  He does not have high school degree; he does have some vocational skills.  (PSR ¶¶ 83-84.)  For those reasons, the United States recommends a below Guidelines prison sentence.

### 3.    Seriousness of the Offense

Defendant Kevin Lewis's sentence must "reflect the seriousness of the offense," "promote respect for the law," and "provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A).  Here, Defendant Kevin Lewis had his co-defendants purchase over 70 firearms for him.  It appears that he did so with the intent of those going to individuals the government has not had the opportunity to conduct a background check, which has the potential to put deadly weapons into the hands of dangerous individuals. Here, many of the firearms did go out of state.  Additionally, Defendant Kevin Lewis is a convicted felon, thus a prohibited possessor of firearms.  It is worth noting that at the time of arrest in early 2024, there was a firearm and a loaded magazine in Defendant Kevin Lewis' bedroom. (PSR ¶ 18.) The crime poses danger to the community, making a prison sentence appropriate.

### 4.    The Need for Adequate Deterrence

The sentence must also "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B).  A prison sentence is appropriate to deter Defendant Kevin Lewis from committing future crimes.  The need for deterrence also extends beyond preventing recidivism by Defendant Kevin Lewis.  General deterrence is about preventing criminal behavior by the population at large and, therefore, incorporates some consideration of persons beyond the defendant.  *See United States v. Politano*, 522 F.3d 69, 74 (1st Cir. 2008); *United States v. Medearis*, 451 F.3d 918, 920-21 (8th Cir. 2006) (holding that courts must give "proper weight" to general deterrence as "one of the key purposes of

sentencing"). Defendant Kevin Lewis' sentence must be sufficient to deter him and other persons who may consider similar criminal conduct.

### 5.     Protecting the Public

The Court should also consider the need "to protect the public from further crimes of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a)(2)(C). Defendant Kevin Lewis has a lengthy criminal history, the Court must be assured that the public is protected from Kevin Lewis returning to criminal behavior. Therefore, the imposition of prison is necessary.

### 6.     Providing Needed Correctional Treatment

The sentence imposed should provide Defendant with necessary and effective "educational or vocational training, medical care, or other correctional treatment." 18 U.S.C. § 3553(a)(2)(D). It appears Defendant Kevin Lewis is in need of substance abuse treatment. (PSR ¶¶ 81-82.) This can be addressed while he is in prison, as suggested participation in the RDAP program. Successful treatment could also help to protect the public from any future crimes.

### B.     A Three-Year Term of Supervised Release is Appropriate

The United States recommends that Defendant Kevin Lewis be placed on supervised release for three years. This term is warranted by the nature and circumstances of Defendant's offense. *See* 18 U.S.C. § 3583(c) (referencing 18 U.S.C. § 3553(a)(1), etc.). It is also necessary to protect the public from further crimes by Defendant Kevin Lewis and to deter him from committing additional crimes in the future. *See id.* (referencing 18 U.S.C. § 3553(a)(2)(B) and (C)).

//
//
//
//
//
//

1    **III.    CONCLUSION**

2          The United States recommends that Defendant Kevin Lewis receive a below

3    Guideline, and below the statutory maximum, sentence of imprisonment.  The United

4    States further recommends that Defendant receive a term of three-years' supervised

5    release.  For all the reasons set forth herein, this sentence is sufficient but not greater than

6    necessary to comply with the purposes set out in 18 U.S.C. § 3553(a).

7

8          Respectfully submitted this 12th day of March, 2025.

9                                              TIMOTHY COURCHAINE
                                               United States Attorney
10
                                               District of Arizona
11

12                                             *s/ Jacqueline Schesnol*
                                               JACQUELINE SCHESNOL
13                                             Assistant U.S. Attorney

14

15                              **<u>CERTIFICATE OF SERVICE</u>**

16          I hereby certify that, on March 12, 2025, I electronically transmitted the attached

17   document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

18   Notice of Electronic Filing to the following CM/ECF registrants:

19

20   Julia Beth Cassels
     Counsel for Defendant Kevin Lewis
21

22   *s/ J. Schesnol*
     U.S. Attorney's Office
23

24

25

26

27

28